# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CORDELL MONTEZ PRICE,

    Petitioner,

v.

KENNETH ROMANOWSKI,

    Respondent,
_____/

Civil No. 2:07-CV-10776
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Cordell Montez Price, ("petitioner"), presently confined at the Parr Highway Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree home invasion, M.C.L.A. 750.110a(2); and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, petitioner's application for writ of habeas corpus is **DENIED.**

## I. Background

Petitioner was convicted following a non-jury trial in the Wayne County Circuit Court.[1] Petitioner's brother, Courtney Price, was acquitted at the same trial.

Anthony Layton testified that he lived in a four family flat in Detroit,

---

[1] Due to the brevity of the petition for writ of habeas corpus, this Court is willing to incorporate the arguments raised in petitioner's state appellate court and post-conviction briefs which Respondent has provided as part of the Rule 5 materials [See This Court's Dkt. Entries # 8-8, 8-11] as being part of petitioner's application for writ of habeas corpus. *See e.g. Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2. (E.D. Mich. 2004).

1

Michigan. On November 4, 2002, Anthony Layton's brother Arthur and petitioner's brother Courtney Price got into a fist fight in front of the building where Layton lived. Anthony Layton jumped into the fight to prevent petitioner from getting involved in the fight. Before leaving the street, petitioner threatened to return and shoot Anthony Layton later that day.

Anthony Layton went inside and called the police to report petitioner's threat. The police advised Layton to call them back if either petitioner or his brother returned. About one hour later, Layton observed petitioner and his brother coming out of an apartment across the hall from Layton's flat. Layton told his parents to call the police. Layton testified that when he closed the door to the apartment, the door swung open and petitioner entered the apartment and hit Layton in the jaw. The two men began fighting inside of Layton's flat. Courtney also came inside the flat and jumped on Anthony Layton as well. Layton was eventually able to restrain petitioner and hold him down until the police arrived. On cross-examination, Layton admitted that he had left his apartment door open when he went inside to advise his parents to call the police.

Rachel Layton testified that she witnessed the earlier fight between her brother Arthur, and petitioner's brother, Courtney. When petitioner left, he told Anthony Layton that he would be back to "kick in the place." About forty minutes later, petitioner and his brother returned to the house. Rachel testified that petitioner had a gun. Anthony Layton went out of the flat and said something to

2

petitioner and his brother, before going back inside the flat and closing the door. Rachel testified that petitioner then came down and kicked or pushed open the door to the flat. Petitioner came into the flat swinging his fists. Rachel went inside of the apartment and saw petitioner and her brother fighting. Rachel testified that she knew the door was closed although she acknowledged that she did not actually see petitioner force it open. Rachel did not believe that the door was locked at the time, but she knew that it was closed. Rachel testified that there had been damage to her family's hallway door, but acknowledged that it had not been caused by petitioner, since this damage had been there prior to the fight between her brother and petitioner.

Tiffany Henley was at the Layton flat on the night of the home invasion. Henley testified that she observed petitioner come up the steps to the flat and heard him say that he had brought his gun back. Henley saw Anthony Layton shut the door and petitioner push it open. After petitioner entered the apartment, he swung at Anthony Layton and the two men fought.

Officer Nappo arrived on the scene and observed a window in the flat that had been broken and that one of the entry doors appeared to have been kicked in. The door was broken off the hinges.

Petitioner testified in his own defense that he was helping his brother Courtney move his belongings out of the attic. While Courtney was moving out, petitioner began talking to Anthony Layton outside the Layton apartment. A fight

3

broke out between petitioner and Layton. Petitioner testified that the Layton apartment door was open and that the fight continued inside the apartment.

Petitioner's conviction was affirmed on appeal. *People v. Price,* No. 248100 (Mich.Ct.App. November 9, 2004); *lv. den.* 474 Mich. 868; 703 N.W. 2d 814 (2005). Petitioner then filed a post-conviction motion for relief from judgment, which was denied. *People v. Price,* No. 02-14182 (Wayne County Circuit Court, February 17, 2006). The Michigan appellate courts denied petitioner leave to appeal. *People v. Price,* No. 269233 (Mich.Ct.App. October 11, 2006); *lv. den.* 477 Mich. 981; 725 N.W. 2d 348 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. The evidence was insufficient to support the home invasion conviction.
>
> II. The trial court's findings of fact were mere conclusory statements which failed to specify what evidence the court considered in reaching the verdict.
>
> III. Defendant did not receive the effective assistance of trial counsel as guaranteed under the 6th Amendment to the U.S. Constitution and article 1 § 20 of the Michigan Constitution.
>
> IV. Defendant did not receive the effective assistance of appellate counsel as guaranteed under the 6th and 14th Amendments of the U.S. Constitution article 1, § 20 of the Michigan Constitution.

## II. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III. Discussion

**A. Claim # 1. The sufficiency of evidence claim.**

Petitioner first argues that there was insufficient evidence presented at

5

trial to support his conviction for first-degree home invasion, because the evidence did not establish that petitioner forced his way into the Layton home. In rejecting this claim, the Michigan Court of Appeals stated:

> "Testimony presented by the prosecution at trial reflected that defendant opened the victim's door, entered his apartment, and struck him in the face. Thus, viewed in a light most favorable to the prosecution, there was sufficient evidence to enable a rational trier of fact to find beyond a reasonable doubt that defendant committed first-degree home invasion. Specifically, contrary to defendant's argument, there was sufficient evidence to support a finding that he "broke" into the relevant apartment."

*Price,* Slip. Op. No. 248100, at * 1 (internal citations omitted).

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to

6

that resolution." *Gardner v. Kapture,* 261 F. Supp. 2d 793, 805 (E.D. Mich. 2003)(*quoting Walker v. Engle*, 703 F. 2d 959, 970 (6th Cir. 1983)). A habeas court does not substitute its own judgment for that of the finder of fact. *See Johnigan v. Elo,* 207 F. Supp. 2d 599, 606 (E.D. Mich. 2002). The *Jackson* standard applies to bench trials, as well as to jury trials. *See Gilley v. Collins,* 968 F. 2d 465, 467 (5th Cir. 1992); *Gross v. Romanowski*, 2006 WL 3690923, *4 (E.D. Mich. December 12, 2006).

M.C.L.A. 750.110a(2) states that:

A person who breaks and enters a dwelling with intent to commit a felony or a larceny in the dwelling or a person who enters a dwelling without permission with intent to commit a felony or a larceny in the dwelling is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

(a) The person is armed with a dangerous weapon.
(b) Another person is lawfully present in the dwelling.

Michigan's first-degree home invasion statute includes all of the elements of the burglary of a dwelling, but also requires that the defendant be armed with a dangerous weapon and/or that the dwelling be occupied. *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1093 (E.D. Mich. 2004)(citing *United States v. Garcia-Serrano,* 107 Fed. Appx. 495, 496-97 (6th Cir. 2004)). The term "without permission" is defined by Michigan law as "without having obtained permission to enter from the owner or lessee of the dwelling or from any other person lawfully in possession or control of the dwelling." M.C.L.A. 750.110a(1)(c). To

7

amount to a breaking under Michigan law, "[s]ome force, no matter how slight, must be used to gain entry." *People v. Kedo*, 108 Mich. App 310, 318; 310 N.W. 2d 224 (1981); *See also People v. Toole,* 227 Mich. App. 656, 659; 576 N.W. 2d 441 (1998). The intent element may reasonably be inferred from the nature, time, and place of a defendant's acts before and during the breaking and entering of the dwelling. *See People v. Uhl*, 169 Mich. App 217, 220; 425 N.W. 2d 519 (1988).

In the present case, Anthony Layton, Rachel Layton, and Tiffany Henley testified that petitioner forced or pushed open the door, came into the apartment, and physically assaulted Anthony Layton. There was sufficient evidence from their testimony that petitioner broke into the apartment, so as to sustain petitioner's first-degree home invasion conviction. Moreover, Rachel Layton's testimony that petitioner had earlier threatened to come back and "kick in the place" would be sufficient evidence to establish that petitioner intended to break or enter into the Layton apartment, thus, to negate petitioner's claim that he accidentally fell into the apartment while fighting Layton.

Moreover, even if Layton's door was opened, petitioner's act of entering the apartment and assaulting Layton would be sufficient to sustain his conviction. Michigan's first- degree home invasion statute does not require that there be a "breaking," as petitioner suggests. Instead, a defendant's act of entering without permission with the intent to commit a felony or an assault is

sufficient to support a conviction of first degree home invasion. *See Holtgrieve v. Curtis,* 174 F. Supp. 2d 572, 583 (E.D. Mich. 2001)(citing M.C.L.A. 750.110a(2); *People v. Warren*, 228 Mich. App. 336, 347-48; 578 N.W. 2d 692(1998), *affirmed in part, reversed in part on other grounds*, 462 Mich. 415; 615 N.W.2d 691 (2000)).

Finally, the mere fact that petitioner did not assault Anthony Layton until he was already inside of the apartment would not render the evidence insufficient to convict petitioner of first-degree home invasion. The plain language of M.C.L.A. 750.110a(2) indicates that the crime of first-degree home invasion is not necessarily completed at the time of a defendant's entry into a dwelling, but instead can be completed by the defendant's commission of the final element of the crime while the person is present in (or leaving) the dwelling. *See People v. Shipley,* 256 Mich.App. 367, 377, 662 N.W. 2d 856 (2003). Because petitioner assaulted Layton inside the flat after entering without permission, the evidence was sufficient to convict him of first-degree home invasion.

To the extent that petitioner challenges the credibility of the witnesses, he would not be entitled to habeas relief. A court that reviews a sufficiency of evidence claim does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the finder of fact. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Insufficiency of evidence

claims which essentially challenge the credibility and weight to be accorded testimony and evidence are not matters for federal habeas review. *Gardner,* 261 F. Supp. 2d at 805. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

Because the evidence presented at trial was legally sufficient from which a rational trier of fact could find the elements of first-degree home invasion beyond a reasonable doubt, petitioner is not entitled to habeas relief on his claim.

**B. Claim # 2. The insufficient factfinding claim.**

Petitioner next contends that the trial court judge's findings of fact were mere conclusory statements which failed to specify what evidence the trial court judge considered in reaching the verdict.

The trial court judge's alleged failure to make specific factual findings at petitioner's bench trial did not violate petitioner's due process rights and would not entitle him to habeas relief, in light of the fact that there is no clearly established Supreme Court law which requires that a trial court, sitting as the finder of fact, must make specific findings for each element of the crime to satisfy

constitutional concerns. *See Wofford v. Straub,* 27 Fed. Appx. 517, 520 (6th Cir. 2001). Moreover, any failure by the trial court to set forth specific factual findings was harmless error, at best, in light of the fact that the Michigan Court of Appeals determined that sufficient evidence existed to convict petitioner of first-degree home invasion. *Id.* Petitioner is not entitled to habeas relief on his second claim.

**C. Claims # 3 and # 4. The ineffective assistance of counsel claims.**

In his third and fourth claims, petitioner contends that he was deprived the effective assistance of trial and appellate counsel. [2]

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the

---

[2] Respondent contends that petitioner's third and fourth claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3). Petitioner claims that his appellate counsel was ineffective for failing to raise his ineffective assistance of trial counsel claim in his appeal of right. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). Additionally, petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004); *Johnson,* 344 F. Supp. 2d at 1089. In this case, because "the procedural default issue raises more questions than the case on the merits", this Court will assume, for the sake of resolving the claims, that there is no procedural default by petitioner and will decide the merits of the claims. *Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003).

11

petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

In his third claim, petitioner contends that his trial counsel was ineffective for failing to call Antonia Harrison to testify that the fight between petitioner and Layton began in the hallway and proceeded into the apartment. Petitioner indicates that Harrison would also testify that the front door of Layton's apartment was already damaged by someone else at the time of the fight between petitioner and Layton. Petitioner further claims that trial counsel was ineffective for failing to investigate or take pictures of the door or to check for fingerprints or footprints to support petitioner's defense.

In rejecting this claim on post-conviction review, the trial court noted that the Michigan Court of Appeals had found that petitioner had pushed his way into the apartment, which was sufficient to establish the "breaking" element for first-degree home invasion. The trial court then stated:

> "To call a witness to testify that the door was damaged by someone else would not have changed the courts (sic) finding that defendant pushed his way in. Nor, would an investigation of possible fingerprints or footprints have given the defendant a reasonably likely chance of acquittal."

*Price,* No. 02-14182, * 2.

This Court initially notes that Rachel Layton testified at trial that the door to

12

their apartment had already been damaged by someone else at the time of the altercation between petitioner and Anthony Layton. Harrison's testimony and any investigation of the door to establish this fact would have been cumulative of Rachel Layton's testimony. Morever, as mentioned when discussing petitioner's sufficiency of evidence claim above, an actual breaking would be uneccessary to sustain a conviction for first-degree home invasion. Thus, even if the door was open, as petitioner claims, petitioner's entry into the apartment was sufficient to sustain his conviction for first-degree home invasion. The alleged ineffectiveness of counsel in failing to call an additional witness to testify about this same issue was not prejudicial to petitioner, where this testimony would have been merely cumulative to the testimony of a witness who did testify and would have had less than a marginal effect required to establish reasonable doubt as to petitioner's guilt. *See Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 607 (E.D. Mich. 2001)(*citing Ashker v. Class*, 152 F.3d 863, 874 (8th Cir. 1998)).

Moreover, petitioner is unable to establish that but for counsel's failure to call this witness, there is a reasonable likelihood that petitioner would have been acquitted at this bench trial. First, the trial court judge at the time of the verdict indicated repeatedly that she believed that the persons who were telling the truth were Rachel Layton and Tiffany Henley. (Tr. 3/11/2003, p. 79). Even if counsel was somehow deficient for failing to call Harrison as a witness, petitioner is unable to show that he was prejudiced, in light of the fact that the trial court

judge found these witnesses' testimony to be truthful. *See Barnes v. Elo,* 339 F. 3d 496, 503 (6th Cir. 2003). Additionally, petitioner is unable to show that he was prejudiced by counsel's alleged ineffectiveness in light of the fact that the same trial judge who convicted petitioner at his bench trial indicated that she still would have found petitioner guilty of the first-degree home invasion charge when she was presented with petitioner's proposed evidence in petitioner's post-conviction motion. *See Dunham v. Travis,* 313 F. 3d 724, 732 (2nd Cir. 2002); *See also Harper v. Jackson,* 2007 WL 2121940, *11 (E.D. Mich. July 24, 2007); *Robinson v. Wolfenbarger*, 2006 WL 897333, *3 (E.D. Mich. April 5, 2006). The Court therefore rejects petitioner's third claim.

     The Court will likewise reject petitioner's related claim that appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel claim on direct appeal. The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). An attorney's failure to present a nonmeritorious issue on appeal does not constitute ineffective assistance of counsel. *See Harris v. Stegall,* 157 F.Supp. 2d 743, 747 (E.D.Mich. 2001). Because petitioner has failed to show that his trial counsel was ineffective, petitioner is unable to establish that appellate counsel was ineffective

for failing to raise his ineffective assistance of trial counsel claim on his appeal of right. See *Johnson v. Smith,* 219 F. Supp. 2d 871, 883 (E.D. Mich. 2002).

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should

receive encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: January 22, 2008

S/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 22, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---